UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ZACHARY A. PARADIS,<br><br>    Movant<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent | Civil No. 05-80-P-C<br>Criminal No. 02-78-P-C |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Zachary Paradis pled guilty to being a felon in possession of ammunition in violation of sections 922(g) of title 18 of the United States Code and was sentenced to fifty-seven months imprisonment. As part of the plea agreement reached between Paradis and the United States, Paradis waived his rights to file a direct appeal or to collaterally attack his sentence. In this 28 U.S.C. § 2255 motion Paradis claims that his attorney gave him poor advice in telling him not to file a direct appeal to challenge the government's use of a stolen car report that was a trigger for his arrest on the federal charges.[1] Paradis asserts that he did not steal the car in question because the person who made out the stolen car report did not in fact own the car in question. In Paradis's view the evidence that was obtained as a consequence of his arrest was the "fruit" of the unconstitutional arrest. The United States has registered is opposition to Paradis's § 2255

---

[1] Notably, counsel did represent Paradis in front of the First Circuit when the United States took an interlocutory appeal of the Court's suppression order. See United States v. Paradis, 351 F.3d 21 (1st Cir. 2003).

motion by asking this Court to enforce the waiver of Paradis's direct appeal/habeas rights and I now recommend that the Court do so.

## *Discussion*

The First Circuit's principal cases on the enforceability of waivers are United States v. Teeter, 257 F.3d 14, 21-26 (1st Cir.2001) and United States v. De-La-Cruz Castro, 299 F.3d 5, 10-14 (1st Cir.2002). I also look to the recently issued United States v. Ciampi, __ F.3d __, 2005 WL 1970060, *4-5 (1st Cir. Aug. 17, 2005) which addressed a very similar plea agreement pertaining to both direct appeal and collateral review rights.

The Teeter panel, in offering guidance to courts confronted with a defendant seeking to be relieved of his or her waiver, explained:

> In sum, we conclude that plea-agreement waivers of the right to appeal from imposed sentences are presumptively valid (if knowing and voluntary), but are subject to a general exception under which the court of appeals retains inherent power to relieve the defendant of the waiver, albeit on terms that are just to the government, where a miscarriage of justice occurs. In charting this course, we recognize that the term "miscarriage of justice" is more a concept than a constant. Nevertheless, some of the considerations come readily to mind: the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result. Other considerations doubtless will suggest themselves in specific cases.

257 F.3d at 25-26.

With respect to Paradis's specific case, the prosecution version contained the following paragraphs concerning the ammunition seized:

> In the early morning of June 25, 2002, Auburn police officers obtained a state warrant to search that apartment of Zachary Paradis shared with Danyelle Bell at 6 Pine Street in Auburn, Maine. They were authorized to search for the person of Zachary Paradis, as there were

>outstanding warrants for Paradis'[s] arrest. They found Paradis under a bed. While he was inside the apartment, Auburn Police Lieutenant Thomas Roth saw ammunition on the shelf of an entertainment center in the living room. The police did not seize the ammunition at the time Paradis was released on bail.
>
>On June 30, 2002, Danyelle Bell reported to Auburn Police Department that her car had just been stolen. Auburn Police Officer Christopher Hatfield went to Bell's apartment to speak with her about her complaint. During their conversation, Bell turned over to Officer Hatfield six rounds of Remington 25-caliber ammunition. It was the same ammunition that Roth had seen in the apartment. The evidence would show that Paradis, Bell, and two friends purchased the 25-caliber ammunition at Wal-Mart in Auburn, and Paradis later loaded a firearm with the ammunition.

(Prosecution Version at 1-2.)

The plea agreement executed in Paradis's criminal case stated, in Paragraph 3, that the parties agreed to seek a sentence on the lower end of the applicable United States Sentencing Guideline range. The United States agreed to dismiss four of the five counts of the second superseding indictment after sentencing. Paragraph 5 stated:

>Defendant is aware that 18 U.S.C. § 3742 affords a defendant a right to appeal the sentence imposed. Defendant is also aware that he may, in some circumstances, argue that his plea should be set aside, or his sentence be set aside or reduced, in a collateral challenge (such as, but not limited to, a motion under 28 U.S.C. § 2255). Knowing that, Defendant waives the right to appeal or to collaterally challenge the following:
>  A. Defendant's guilty plea or any other aspect of Defendant's conviction in the above-captioned case; and
>  B. The adoption by the District Court at sentencing of the recommendation found in Paragraph 3 above.
>
>Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. This agreement does not affect the rights and obligations of the United States as set forth in 18 U.S.C. § 3742(b).

(Plea Agreement at 2-3.)

During the change of plea hearing, this court asked Paradis if he had consulted with his attorney and if he was satisfied with his attorney's advice and representation and

3

Paradis responded in the affirmative. (Rule 11 Tr. at 6-7.) After accepting the prosecution version of the offense the court found that a factual basis for the plea existed (Id. at 13-16). This exchange followed:

> The Prosecutor: In light of the fact that we have agreed to recommend the low end of the guideline range, we think it is appropriate to ask Mr. Paradis to give up his right to appeal his conviction, which has already been addressed by the First Circuit. And, second of all, at least many of those issues have been addressed by the First Circuit, and then in other respects the favor is quite limited.
> The Court: Is it stated in [the plea agreement] that the government has agreed to recommend the lower end of the guideline range.
> The Prosecutor: Yes, in paragraph 3, we have agreed to make a nonbinding recommendation at the low end. It does not bind the Court. ...
> The Court: And that is in consideration of that, you have asked him to waive his right to appeal as specified in paragraph 5?
> The Prosecutor: Correct.
> The Court: [Defense counsel], are you aware there is a waiver of appeal as set out in paragraph 5?
> Defense Counsel: Yes, your Honor.
> The Court: Tell me what the defendant's reasoning is.
> Defense Counsel: The principal reason, your Honor, in admitting his guilt to this offense, Mr. Paradis is aware that he no longer has any issue on appeal to pursue relative to conviction since the suppression, relating to the search and statements, has been fully litigated in the First Circuit. Relating to the sentence, Mr. Paradis is well aware of what the sentencing range is in this case. Presuming the Court accepts the recommendation that both parties are going to make at the low end of the guidelines, there would be no issue that we are aware of, having discussed it fully and looked at it fully, discussed it with the prosecution, that would warrant an appeal in this case.
> The Court: Do you understand what [defense counsel] has just told me?
> Paradis: Pretty much, yes, your Honor.
> The Court: Do you agree with it?
> Paradis: Yes.
> The Court: Is that your reason as he has stated it for agreeing to waive your right of appeal?
> Paradis: Yes.
> The Court: And does that accurately state your understanding of the extent and scope of your waiver of appeal by this agreement?
> Paradis: Yes it does, your Honor.
> The Court: Has [defense counsel] reviewed [the plea agreement] with you and explained it fully to you?
> Paradis: Yes.

>The Court: Did you fully understand his explanation?
>Paradis: Yes.
>The Court: Are you satisfied that you wish to waive your right of appeal in this proceeding?
>Paradis: Yes.

(Id. at 17-20.) Both before and after this colloquy, the Court reminded Paradis that he would have "no effective right of appeal" from his conviction (Id. at 10, 22.)

Having reviewed the record I am confident that the United States is entitled to enforcement of Paradis's waiver of his right to move for 28 U.S.C. § 2255 relief when this waiver is analyzed through the First Circuit precedents cited above. The plea colloquy vis-à-vis the waiver is exemplary and would certainly pass muster under the Teeter, De-La-Cruz Castro, and Ciampi standards for plea colloquy respecting waiver. With respect to any underlying error or "miscarriage of justice" in allowing Paradis's conviction to stand in view of the § 2255 grounds he presses it is also worth noting that Paradis's argument concerning the stolen car report is entirely without merit. The fact that the person reporting the car as stolen to the police may or may not have, in fact, an ownership interest in the car would not, in and of itself, invalidate the efforts by law enforcement personnel to investigate that report, which is what the officers were doing when Bell turned over the ammunition. Even had Paradis's plea agreement not included the waiver of the right to appeal, counsel's advice not to seek an appeal on the stolen car ownership question is beyond reproach.

### *Conclusion*

For the reasons above, I recommend that the Court **DISMISS** this 28 U.S.C. § 2255 because Paradis's waiver of his right to seek such relief is valid and enforceable.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 29, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge